IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHULANDA ROBINSON, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:20-CV-3482-D |
| VS. | § |
| | § |
| KROGER #817, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In this removed premises liability action brought by plaintiff Shulanda Robinson ("Robinson") against defendant Kroger Texas LP ("Kroger"),[1] Kroger moves for summary judgment. For the following reasons, the court denies the motion.[2]

I

In 2018 Robinson fell and sustained injuries while walking on the outside premises of a Kroger store located in Grand Prairie, Texas.[3] According to Robinson, she was walking

---

[1]Robinson initially sued Kroger, Kroger # 817, Kroger Management KRGP, Inc., and Altus Group US Inc. She has withdrawn her claims, however, against all defendants except Kroger.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[3]In recounting the factual background, the court summarizes the evidence in the light most favorable to Robinson as the summary judgment nonmovant and draws all reasonable inferences in her favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869,

toward the Kroger store during normal business hours when she stepped from the street level up onto the sidewalk and into a damaged section of concrete—which she describes as a "hole"— which she did not see as she approached.  As a result, she fell, sustaining injuries that required medical attention.

Robinson now sues Kroger alleging a claim for premises liability.[4]  She asserts in her state-court petition that Kroger was negligent in failing to adequately warn invitees of the premises defect and dangerous condition and in failing to do anything to reduce or eliminate the premises defect and dangerous condition.

Kroger denies liability and moves for summary judgment on the following grounds: the broken concrete was not an unreasonably dangerous condition; Kroger had no duty to warn Robinson about the damaged concrete because it was open and obvious; and Robinson lacks evidence that Kroger had actual or constructive notice of the damaged concrete prior to her fall.  Robinson opposes the motion.  The court is deciding the motion on the briefs.[5]

---

870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.).

[4]In her state-court petition, Robinson also alleged claims for gross negligence and *respondeat superior*.  She has since withdrawn her gross negligence claim.  *See* P. Br. 4.  And the court will treat her *respondeat superior* claim as a predicate for establishing Kroger's liability on her premises liability claim rather than as a stand-alone claim.  *See Thompson v. Kroger Co.*, 2014 WL 642745, at *2 (N.D. Tex. Feb. 19, 2014) (Fitzwater, C.J.).

[5]The court has not considered Robinson's surreply, which she filed without leave of court.  The local civil rules do not permit a surreply to be filed as of right; leave of court is required.  *See* N.D. Tex. Civ. R. 7.1(f) (allowing reply to be filed but not providing for surreply to be filed without leave of court).  Because Robinson filed the surreply without first obtaining leave of court, the court has not considered it.  Kroger's February 22, 2022 objection to the surreply is sustained.

II

When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet her burden. *Little*, 37 F.3d at 1076.

III

When an injured party is an invitee, as was Robinson, she can recover under a premises liability theory by establishing that (1) the defendant had actual or constructive knowledge of a condition on its premises, (2) the condition posed an unreasonable risk of harm, (3) the defendant did not exercise reasonable care to reduce or eliminate the risk, and (4) the defendant's failure to use such care proximately caused her injuries. *Harvey v. RaceTrac Petroleum, Inc.*, 2009 WL 577605, at *1 (N.D. Tex. Mar. 6, 2009) (Fitzwater, C.J.)

(quoting *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)). Kroger maintains that it is entitled to summary judgment because there is insufficient evidence to support the first three elements of Robinson's premises liability claim. The court disagrees.

Robinson has introduced sufficient evidence to avoid summary judgment.[6] Regarding notice, there is adequate evidence in the summary judgment record to permit a reasonable jury to find that Kroger had constructive knowledge of the damaged concrete. Under Texas law, constructive knowledge "can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc.*, 15 S.W.3d at 102-03. This "so-called 'time-notice rule' is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). "What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented." *Id*. But in any case, "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Id*.

At her deposition, Robinson testified, in pertinent part, regarding the appearance of

---

[6] "When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

- 4 -

the hole at the time of her fall:

> from looking at it, it was just like the cement was—had been ate out, you know what I mean? Like it was gone, some cement of it was gone. Chipped and everything. Like as if it was—like it had been—like somebody worked on it previously in the past, you know what I mean? And it, just because it looked like it had like ate around it like it splattered or something like it had been repaired previously or something like that. And it just kind of over time just like been, you know, not cared for.

P. App. 11.[7] Based on this evidence, a reasonable jury could find that the hole had been there long enough to give Kroger a reasonable opportunity to discover and remedy it. Although a reasonable jury may find Kroger's position persuasive and Robinson's proof lacking, there is sufficient circumstantial evidence that favors Robinson to require a trial.

A reasonable jury could also find that the condition posed an unreasonable risk of harm; that Kroger failed to exercise reasonable care to reduce or eliminate the risk posed by the broken concrete; and that the condition was not open and obvious or otherwise known to Robinson. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015) (noting that "since there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee." (citing cases)).

---

[7]Although the court has not considered Robinson's surreply, it is not precluded from considering evidence contained in the summary judgment record that is cited in the surreply.

* * *

For the reasons explained, Kroger's motion for summary judgment is denied.

**SO ORDERED**.

March 3, 2022.

                                                                    SIDNEY A. FITZWATER
                                                                    SENIOR JUDGE